UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MATTHEW GURNIAK,
　c/o Justly Prudent
　1140 3rd St. NE, Suite 2180,
　Washington, DC 20002

　　　　Plaintiff,

　　　　v.

ANIQUE AHMED,
　8010 Greenbelt Station Pkwy, Unit 314
　Greenbelt, Maryland 20770 , and

PROGRESSIVE UNIVERSAL
INSURANCE COMPANY,
　c/o C T Corporation System
　Resident Agent
　4701 Cox Road, Suite 285
　Glen Allen, VA, 23060,

　　　　Defendants.
_____/

Case No. 1:26-cv-1234

DEMAND FOR JURY TRIAL

## **COMPLAINT**

Plaintiff Matthew Gurniak ("Gurniak"), for his complaint against Defendants Anique Ahmed and Progressive Universal Insurance Company ("Progressive"), alleges the following:

1. Gurniak commenced this action to recover damages for the injuries he sustained on April 30, 2025, when Defendant Ahmed negligently failed to yield the right-of-way and drove directly into the path of Gurniak's vehicle as Gurniak was lawfully traveling through an intersection on Clarendon Boulevard in Arlington, Virginia. The collision, which occurred in clear daylight conditions, was caused by Ahmed's failure to yield, and law enforcement found Ahmed solely at fault. Both vehicles were disabled and had to be towed from the scene. Gurniak

sustained traumatic injuries to his chest wall, rib cage, thoracic spine, and left forearm, requiring months of medical treatment including physician visits, diagnostic imaging, and extensive physical therapy and chiropractic care.

2.      At the time of the collision, Defendant Ahmed carried no automobile liability insurance, leaving Gurniak with no means of recovering compensation from the at-fault driver. Gurniak purchased Uninsured Motorist coverage from Progressive precisely to protect himself in situations such as this. Despite clear and undisputed liability, well-documented injuries, and over $5,200 in past medical expenses alone, Progressive has refused to offer fair and reasonable compensation under Gurniak's policy, instead extending settlement offers that barely cover his out-of-pocket medical costs and fail to account for his substantial pain and suffering, future medical needs, and diminished quality of life.

3.      Gurniak's claims arise under the laws of the Commonwealth of Virginia, including Virginia Code §§ 46.2-821 and 46.2-863, and Virginia Code § 38.2-2206.

**JURISDICTION AND VENUE**

4.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Gurniak and each of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Gurniak is a citizen of the Commonwealth of Virginia. Defendant Ahmed is a citizen of the State of Maryland. Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Gurniak's claims occurred within Arlington County, Virginia, which is situated within this judicial district.

**THE PARTIES**

6.      Plaintiff Matthew Gurniak is a 31-year-old male who resides in Arlington, Virginia. Gurniak is the named insured under Progressive Universal Insurance Company Policy No. 988662347, which provides Uninsured Motorist Bodily Injury coverage with limits of $250,000 per person and $500,000 per accident.

7.      Defendant Anique Ahmed is an individual who, upon information and belief, resides in Greenbelt, Maryland. On April 30, 2025, Defendant Ahmed was operating a 2021 Audi Q5, bearing Maryland registration plate 7GK0194, when he negligently caused the motor vehicle collision that is the subject of this action. At the time of the collision, Defendant Ahmed carried no automobile liability insurance.

8.      Defendant Progressive Universal Insurance Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143. Progressive is registered as a foreign corporation in the Commonwealth of Virginia, and it regularly transacts business within the Commonwealth. Progressive issued automobile insurance Policy No. 988662347 to Gurniak, which was in full force and effect at the time of the April 30, 2025 collision.

**BACKGROUND**

9.      On April 30, 2025, at approximately 4:21 p.m., Gurniak was lawfully operating his 2016 Honda Civic, bearing Virginia registration plate TFR5417, and traveling eastbound on Clarendon Boulevard in Arlington, Virginia. Gurniak was wearing his seatbelt, obeying all traffic laws, and traveling at approximately 25 miles per hour, which was the posted speed limit.

10.      As Gurniak entered the intersection of Clarendon Boulevard and North Quinn Street, Defendant Ahmed, operating a 2021 Audi Q5, bearing Maryland registration plate

7GK0194, was traveling southbound on North Quinn Street. The intersection was controlled by a stop sign on North Quinn Street.

11.     Defendant Ahmed failed to yield the right-of-way to Gurniak as required by Virginia Code §§ 46.2-821 and 46.2-863, and pulled directly into Gurniak's path from North Quinn Street. Gurniak had no opportunity to avoid the sudden hazard created by Defendant Ahmed's vehicle entering the intersection.

12.     Gurniak's vehicle collided with Defendant Ahmed's vehicle in an angle impact. The force of the collision was severe, causing both vehicles to be disabled at the scene. Both vehicles required towing from the scene of the collision.

13.     The collision occurred during daylight hours, in clear weather, on a dry, straight, and level roadway surface. There were no adverse environmental conditions, road defects, or obstructions that contributed to the collision. Defendant Ahmed's vision was not obscured at the time of the collision.

14.     Officers with the Arlington County Police Department responded to the scene and investigated the collision. The investigating officer, Officer A. Joshi, Badge No. 1826, prepared a Virginia Police Crash Report, Local Case Number 2025-04300132, documenting the circumstances of the collision. The police report identifies Defendant Ahmed's Driver Action as "Did Not Have Right-of-Way" and identifies Gurniak's Driver Action as "No Improper Action."

15.     As a result of the investigation, the Arlington County Police Department issued Defendant Ahmed a summons for violating Virginia Code § 46.2-821, failure to yield the right-of-way. No summons was issued to Gurniak, and no improper driving action was attributed to Gurniak.

16. Gurniak committed no traffic violations and bore no fault for this collision. The evidence establishes that Defendant Ahmed's negligence was the sole and proximate cause of the collision and of the injuries Gurniak sustained as a result thereof.

### *Defendant Ahmed's Uninsured Status*

17. At the time of the April 30, 2025 collision, Defendant Ahmed carried no automobile liability insurance. On May 22, 2025, Progressive confirmed in writing to Gurniak that Defendant Ahmed was uninsured at the time of the collision.

18. Because Defendant Ahmed carried no liability insurance at the time of the collision, Gurniak is unable to recover compensation for his injuries from Defendant Ahmed's liability insurer. Gurniak is therefore entitled to recover Uninsured Motorist benefits under his policy with Defendant Progressive, Policy No. 988662347, pursuant to Virginia Code § 38.2-2206.

### *Gurniak's Insurance Policy with Defendant Progressive*

19. At all times relevant to this action, Gurniak maintained an automobile insurance policy with Defendant Progressive, Policy No. 988662347. The policy period ran from April 29, 2025 through October 29, 2025. The collision on April 30, 2025 occurred within the active policy period.

20. Gurniak's policy with Progressive includes Uninsured Motorist Bodily Injury coverage with limits of $250,000 per person and $500,000 per accident. Gurniak paid all premiums due under the policy, and the policy was in full force and effect at the time of the collision.

21. Under Virginia Code § 38.2-2206, Uninsured Motorist coverage is designed to provide compensation to insureds who are injured by motorists who carry no liability insurance.

Defendant Progressive is obligated under the terms of Gurniak's policy and Virginia law to pay Uninsured Motorist benefits for the bodily injuries Gurniak sustained as a result of Defendant Ahmed's negligence.

### *Gurniak's Injuries and Medical Treatment*

22.     As a direct and immediate result of the collision, Gurniak experienced acute pain in his chest, thoracic spine, left forearm, and rib cage. Emergency medical personnel responded to the scene and treated lacerations on Gurniak's left forearm. Photographs taken at the scene document a prominent diagonal contusion across Gurniak's chest and rib cage, consistent with seatbelt loading during the collision, as well as open lacerations, abrasions, and redness on his left forearm. Emergency personnel dressed the forearm wounds at the scene with adhesive bandages.

23.     Despite the immediate treatment he received at the scene, Gurniak continued to experience severe pain in multiple areas of his body in the days and weeks following the collision. Gurniak initially attempted to manage his symptoms through rest and over-the-counter pain medication. However, when his symptoms persisted and worsened rather than improving, Gurniak sought formal medical evaluation and treatment.

24.     On August 18, 2025, Gurniak presented to Capital Physicians Associates for his initial medical evaluation. At the time of the evaluation, Gurniak reported severe pain, rating the pain in his chest at 9 out of 10, his thoracic spine at 9 out of 10, his left rib cage at 9 out of 10, his right rib cage at 8 out of 10, and his left forearm at 8 out of 10. Gurniak's treating providers described the pain quality as sharp, achy, tender, and tight. Gurniak's treating providers diagnosed him with traumatic injury of the chest wall, traumatic injury of the left forearm,

traumatic injury of the left rib cage, traumatic injury of the right rib cage, and traumatic injury of the thoracic spine, all causally related to the April 30, 2025 motor vehicle collision.

25.    On August 29, 2025, Gurniak underwent diagnostic imaging, including X-rays of the chest and left ribs. The imaging confirmed no fractures or structural abnormalities. Gurniak's treating providers prescribed topical analgesic medication for pain management and referred Gurniak for physical therapy.

26.    From August 18, 2025 through September 25, 2025, Gurniak received 16 sessions of physical therapy and chiropractic care at Capital Healthcare Clinics in Arlington, Virginia, at a frequency of two to three sessions per week. The treatment included chiropractic spinal manipulation, manual therapy, therapeutic exercise, hot and cold pack therapy, electrical muscle stimulation, hydrotherapy, and mechanical traction. Gurniak's treating providers at Capital Healthcare Clinics confirmed that his injuries were consistent with and caused by the April 30, 2025 motor vehicle collision.

27.    On August 18, 2025, South Point Medical Solutions dispensed medical supplies to Gurniak, including an ice pack and topical analgesic gel, for pain management and swelling related to the injuries he sustained in the collision.

28.    Throughout the course of his treatment, Gurniak's progress notes documented a gradual but steady improvement in his symptoms. On September 18, 2025, a re-evaluation showed that Gurniak's pain levels had decreased from the initial 8–9 out of 10 range to a range of 2 to 5 out of 10. Special tests that were positive at the initial evaluation, including the Cervical Distraction Test, Elbow Flexion Test, and Anterior/Posterior Rib Compression Test, were negative upon re-evaluation. Gurniak's treating providers noted that he was improving slowly but remained slightly tender to touch.

29.    Gurniak continued treatment through late September 2025. By September 25, 2025, his treating providers documented decreased pain and decreased tenderness in all areas. Gurniak was discharged from physical therapy and chiropractic care on September 30, 2025, after demonstrating durable improvement.

30.    Gurniak's treating physicians and therapists have uniformly attributed all of his injuries, diagnoses, and treatment to the April 30, 2025 motor vehicle collision. Gurniak had no history of similar complaints or injuries prior to the collision.

31.    In addition to the ongoing pain and functional limitations described above, the lacerations Gurniak sustained to his left forearm in the collision have resulted in permanent scarring. Gurniak's treating providers documented "prominent scars and residual bruises" on his left forearm at his initial evaluation on August 18, 2025, nearly four months after the collision. Photographs taken on April 9, 2026, approximately eleven months after the collision, show visible discoloration and scarring that remains on Gurniak's left forearm at the sites of the original lacerations. The scarring is located on a part of Gurniak's body that is regularly exposed in everyday life, and it constitutes a permanent disfigurement that Gurniak will carry for the remainder of his life.

32.    Gurniak continues to experience intermittent pain, stiffness, and functional limitations related to the injuries he sustained in the collision. On some days, Gurniak is unable to lift weights or engage in physical activity due to pain. Gurniak bears permanent scarring on his left forearm from the lacerations he sustained in the collision. Gurniak's treating providers have recommended that he return for further care if symptom flare-ups arise, and there is a reasonable medical probability that Gurniak will require additional medical care in the future,

including periodic physician or specialist follow-up visits, short courses of physical therapy or chiropractic care, and ongoing access to pain management supplies and medication.

### HARM CAUSED

33.     As a direct and proximate result of the collision and the injuries he sustained therefrom, Gurniak has suffered past and future medical expenses, physical pain and suffering, emotional distress, permanent disfigurement and scarring, loss of enjoyment of life, and other damages, in amounts to be proven at trial.

34.     Gurniak sustained traumatic injuries to his chest wall, bilateral rib cage, thoracic spine, and left forearm. These injuries required medical treatment over the course of approximately five months, including four physician visits, diagnostic imaging, 16 sessions of physical therapy and chiropractic care, and the use of prescribed medical supplies for pain management.

35.     Gurniak has incurred past medical expenses totaling $5,246.00 in connection with the treatment of injuries he sustained in the collision, as follows: $818.00 to Capital Physicians Associates for physician evaluation, medical management, and diagnostic imaging; $4,381.00 to Capital Healthcare Clinics for physical therapy and chiropractic care; and $47.00 to South Point Medical Solutions for medical supplies.

36.     Based on the nature and extent of Gurniak's injuries and the recommendations of his treating providers, there is a reasonable medical probability that Gurniak will require additional medical care in the future, including periodic physician or specialist follow-up visits, short courses of physical therapy or chiropractic care, and ongoing access to pain management supplies and medication. Gurniak's projected future medical expenses are estimated to be no less than $2,500.00.

37. From the date of the collision through the completion of his active treatment, Gurniak experienced severe daily pain rated at 8 to 9 out of 10, with functional deficits that impaired his ability to perform daily activities, including basic household tasks and personal care. Gurniak's pain and range-of-motion limitations made regular movement, bending, and lifting difficult or impossible during the acute phase of his recovery. Gurniak experienced persistent sleep disruption and required assistance with activities of daily living during his recovery period.

38. Gurniak's injuries prevented him from participating in physical activities, sports, and hobbies that he regularly enjoyed prior to the collision. Gurniak was forced to continue performing his work responsibilities under considerable duress throughout his recovery, resulting in diminished productivity and increased fatigue. The enduring pain and abrupt loss of normalcy caused Gurniak anxiety, frustration, and a reduced sense of personal fulfillment.

39. Although Gurniak's condition improved with treatment, he continues to experience intermittent pain, stiffness, and functional limitations. On some days, Gurniak is unable to engage in physical activity, including lifting weights, due to pain related to his injuries. These ongoing symptoms have diminished Gurniak's overall quality of life and are expected to continue for a period of time into the future.

## COUNT I
### Negligence by Defendant Ahmed

40. Gurniak incorporates herein the allegations set forth in paragraphs 1 through 39, above.

41. At all times relevant to this action, Defendant Ahmed owed a duty to Gurniak to operate his motor vehicle with reasonable care and in compliance with the traffic laws of the Commonwealth of Virginia.

42.   Virginia Code § 46.2-821 requires the driver of a vehicle approaching an intersection to yield the right-of-way to any vehicle that has entered the intersection from a different highway. Virginia Code § 46.2-863 requires the driver of a vehicle approaching a stop sign to stop and yield the right-of-way to traffic on the intersecting highway. A violation of these statutes constitutes negligence per se under Virginia law.

43.   Gurniak is a member of the class of persons the statutes were intended to protect.

44.   On April 30, 2025, Defendant Ahmed breached his duty of care to Gurniak by failing to yield the right-of-way as required by Virginia Code §§ 46.2-821 and 46.2-863 when he entered the intersection of Clarendon Boulevard and North Quinn Street directly into the path of Gurniak's vehicle. The Arlington County Police Department issued Defendant Ahmed a summons for violating Virginia Code § 46.2-821 in connection with the collision.

45.   Defendant Ahmed was further negligent in one or more of the following respects: (a) failing to keep a proper lookout for other vehicles lawfully traveling on Clarendon Boulevard; (b) failing to observe and obey the stop sign controlling traffic on North Quinn Street at its intersection with Clarendon Boulevard; (c) entering the intersection when it was not safe to do so; and (d) failing to maintain proper control of his vehicle.

46.   Gurniak was not negligent in any manner that contributed to the collision. Gurniak was traveling at the posted speed limit, wearing his seatbelt, obeying all traffic laws, and had the right-of-way as he proceeded through the intersection on Clarendon Boulevard. The investigating officer attributed no improper action to Gurniak.

47.   Defendant Ahmed's negligence was the sole and proximate cause of the April 30, 2025 collision and the injuries Gurniak sustained as a result thereof.

48.     As a direct and proximate result of Defendant Ahmed's negligence, Gurniak has suffered and continues to suffer harm.

## COUNT II
**Breach of Contract—Uninsured Motorist Benefits by Defendant Progressive**

49.     Gurniak incorporates herein the allegations set forth in paragraphs 1 through 39, above.

50.     At all times relevant to this action, a valid and enforceable automobile insurance contract existed between Gurniak and Progressive, namely Policy No. 988662347, with a policy period of April 29, 2025 through October 29, 2025. Attached hereto as Exhibits 1 and 2 is a true and correct copy of the Declarations Page for Policy No. 988662347 and the Auto Policy Agreement, respectively.

51.     Gurniak paid all premiums due under the policy, and the policy was in full force and effect at the time of the April 30, 2025 collision.

52.     Under the terms of the policy and pursuant to Virginia Code § 38.2-2206, Progressive agreed to pay Uninsured Motorist Bodily Injury benefits to Gurniak for damages caused by the negligence of an uninsured motorist, up to the policy limits of $250,000 per person and $500,000 per accident.

53.     Defendant Ahmed was an uninsured motorist within the meaning of Gurniak's policy and Virginia Code § 38.2-2206 at the time of the April 30, 2025 collision. Progressive confirmed Defendant Ahmed's uninsured status in writing on May 22, 2025.

54.     Gurniak has satisfied all conditions precedent to recovery of Uninsured Motorist benefits under his policy with Progressive. Gurniak sustained bodily injuries caused by the negligence of an uninsured motorist, Defendant Ahmed, while Gurniak's policy with Progressive was in full force and effect. Gurniak provided Progressive with timely notice of the collision and

his claim for Uninsured Motorist benefits, submitted comprehensive medical records and documentation supporting his claim, and participated in good faith settlement negotiations with Progressive.

55.     Progressive has breached its obligations under the policy by failing to pay Gurniak the Uninsured Motorist benefits to which he is entitled. Despite receiving Gurniak's formal demand, supported by comprehensive medical documentation, billing statements, and a police report establishing clear and undisputed liability, Progressive has offered only $11,000.00 in settlement, an amount that barely exceeds Gurniak's documented past medical expenses of $5,246.00 and fails to fairly compensate Gurniak for the full extent of his injuries and damages.

56.     Gurniak is legally entitled to recover from Defendant Ahmed damages arising out of the April 30, 2025 collision, and Progressive is therefore obligated under the terms of the policy and Virginia Code § 38.2-2206 to pay Gurniak Uninsured Motorist benefits up to the applicable policy limits for those damages.

57.     As a direct and proximate result of Progressive's breach of its contractual obligations, Gurniak has suffered and continues to suffer harm.

## **PRAYER FOR RELIEF**

Plaintiff Matthew Gurniak respectfully requests that the Court enter judgment in his favor and against Defendants Anique Ahmed and Progressive Universal Insurance Company on the Complaint, as follows:

A.     Award Gurniak compensatory damages against Defendant Ahmed for the injuries and harm he suffered as a result of Defendant Ahmed's negligence, in a fair and reasonable amount to be determined at trial, but in no event less than $75,000, exclusive of interest and costs;

B.      Award Gurniak damages against Progressive for Uninsured Motorist benefits owed under Policy No. 988662347, in a fair and reasonable amount to be determined at trial;

C.      Award Gurniak past medical expenses in the amount of $5,246.00, or such greater amount as may be proven at trial;

D.      Award Gurniak future medical expenses in an amount to be determined at trial;

E.      Award Gurniak the costs incurred in connection with this action to the extent permitted by law or by contract, including reasonable attorney fees; and

F.      Grant Gurniak such other and further relief as the Court deems just and proper.


Dated: May 8, 2026


/s/ Jordan D. Howlette
JORDAN D. HOWLETTE
VSB No.: 97839
Managing Attorney
Justly Prudent
1140 3rd St. NE, Suite 2180
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@justlyprudent.com
Counsel for Plaintiff