# EXHIBIT 2



VA0001 0624

# VIRGINIA
## PERSONAL AUTO FORMS

**PLEASE READ YOUR POLICY AGREEMENT CAREFULLY.**

**Provisions of this Agreement and its endorsements restrict coverage. Be certain you understand all of the coverage terms, the exclusions, and your rights and duties.**

**This booklet contains The Virginia Personal Auto Policy, Form PP0001 VA (09/18), and a section of standard, mandatory, and optional endorsements.**

Form  VA0001 (06/24)



PP0001 VA (09/18)

## VIRGINIA PERSONAL AUTO POLICY

---

## INDEX OF POLICY PROVISIONS

**AGREEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**PART A—LIABILITY COVERAGE**
Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Supplementary Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Limit of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Out of State Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Financial Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PART B—MEDICAL PAYMENTS COVERAGE**
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Limit of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PART C—UNINSURED MOTORISTS COVERAGE**
Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Limit of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Arbitration. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**PART D—COVERAGE FOR DAMAGE TO YOUR AUTO**
Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Transportation Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Limit of Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Payment of Loss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
No Benefit to Bailee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Other Sources of Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
Appraisal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**PART E—DUTIES AFTER AN ACCIDENT OR LOSS** . . . . . . . . . . . . . . . . . . . 18

**PART F—GENERAL PROVISIONS**

Bankruptcy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Changes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Legal Action Against Us . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Our Right to Recover Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Policy Period and Territory . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
   Cancellation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
   Nonrenewal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
   Automatic Termination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
   Other Termination Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Transfer of Your Interest in This Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
Two or More Auto Policies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## AGREEMENT

In return for payment of the premium and subject to all the terms of this Policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this Policy, "you" and "your" refer to:
  **1.** The named insured shown in the Declarations; and
  **2.** The spouse if a resident of the same household.
  If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this Policy, the spouse will be considered "you" and "your" under this Policy but only until the earlier of:
  **a.** The end of 90 days following the spouse's change of residency;
  **b.** The effective date of another policy listing the spouse as a named insured; or
  **c.** The end of the policy period.
**B.** "We", "us" and "our" refer to the company providing this insurance.
**C.** For purposes of this Policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:
  **1.** Under a written agreement to that person; and
  **2.** For a continuous period of at least six months.

Other words and phrases are defined. They are in quotation marks when used.
**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.
**E.** "Business" includes trade, profession or occupation.
**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
**G.** "Occupying" means:
  **1.** In;
  **2.** Upon; or
  **3.** Getting in, on, out or off.
**H.** "Property damage" means physical injury to, destruction of or loss of use of tangible property.
**I.** "Trailer" means a vehicle designed to be pulled by a:
  **1.** Private passenger auto; or
  **2.** Pickup or van.
  It also means a farm wagon or farm implement while towed by a vehicle listed in **1.** or **2.** above.
**J.** "Your covered auto" means:
  **1.** Any vehicle shown in the Declarations;
  **2.** A "newly acquired auto";
  **3.** Any "trailer" you own; or

1

4.  Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. Loss; or
   e. Destruction.

   This provision **(J.4.)** does not apply to Coverage For Damage To Your Auto.

**K.** "Newly acquired auto":

1.  "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

   a. A private passenger auto; or
   b. A pickup or van, for which no other insurance policy provides coverage, that:

   **(1)** Has a Gross Vehicle Weight Rating of 10,000 lbs. or less; and
   **(2)** Is not used for the delivery or transportation of goods and materials unless such use is:

   **(a)** Incidental to your "business" of installing, maintaining or repairing furnishings or equipment; or
   **(b)** For farming or ranching.

2.  Coverage for a "newly acquired auto" is provided as follows:

   a. For any coverage provided in this Policy except other than Coverage For Damage To Your Auto, a "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. However, for this coverage to apply, you must ask us to insure it within 14 days after you become the owner.

   b. Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

   **(1)** 14 days after you become the owner, if the Declarations indicates that Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.
   **(2)** Four days after you become the owner, if the Declarations does not indicate that Collision Coverage applies to at least one auto. If you comply with the four-day requirement and a loss occurred before you asked us to insure the "newly acquired auto", a Collision deductible of $500 will apply.

   c. Other Than Collision Coverage for a "newly acquired auto" begins on the date you become the owner. However, for this coverage to apply, you must ask us to insure it within:

   **(1)** 14 days after you become the owner, if the Declarations indicates that Other Than Collision Coverage applies to at least one auto. In this case, the "newly acquired auto" will have the broadest coverage we now provide for any auto shown in the Declarations.

2

**(2)** Four days after you become the owner, if the Declarations does not indicate that Other Than Collision Coverage applies to at least one auto. If you comply with the four-day requirement and a loss occurred before you asked us to insure the "newly acquired auto", an Other Than Collision deductible of $500 will apply.

**d.** For all coverages addressed in Paragraphs **K.2.a.**, **b.** and **c.**, if you first ask us to insure the "newly acquired auto" after the applicable time period has elapsed, coverage will begin on the day you first ask us to insure the "newly acquired auto".

**L.** "Transportation network platform" means an online-enabled application or digital network used to connect passengers with drivers using vehicles for the purpose of providing prearranged transportation services for compensation.

## PART A—LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this Policy.

**B.** "Insured" as used in this Part means:
  **1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
  **2.** Any person using "your covered auto".
  **3.** For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
  **4.** For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or "trailer".

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an "insured":
**1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this Policy.
**2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3

**3.** Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

**4.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

**5.** Other reasonable expenses incurred at our request.

These payments will not reduce the limit of liability.

## EXCLUSIONS

**A.** We do not provide Liability Coverage for any "insured":

**1.** Who intentionally causes "bodily injury" or "property damage".

**2.** For "property damage" to property owned or being transported by that "insured".

**3.** For "property damage" to property:
- **a.** Rented to;
- **b.** Used by; or
- **c.** In the care of;

that "insured".

This exclusion **(A.3.)** does not apply to "property damage" to a residence or private garage.

**4.** For "bodily injury" to an employee of that "insured" during the course of employment. This exclusion **(A.4.)** does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

**5.** For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This includes but is not limited to any period of time a vehicle is being used by any "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

This exclusion **(A.5.)** does not apply to
- **a.** A share-the-expense car pool; or
- **b.** The ownership or operation of a vehicle while it is being used for volunteer or charitable purposes.

**6.** While employed or otherwise engaged in the "business" of:
- **a.** Selling;
- **b.** Repairing;
- **c.** Servicing;
- **d.** Storing; or
- **e.** Parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion **(A.6.)** does not apply to the ownership, maintenance or use of "your covered auto" by:
- **(1)** You;
- **(2)** Any "family member"; or
- **(3)** Any partner, agent or employee of you or any "family member".

4

**7.** Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion **A.6.**

This exclusion **(A.7.)** does not apply to the maintenance or use of a:
   **a.** Private passenger auto;
   **b.** Pickup or van; or
   **c.** "Trailer" used with a vehicle described in **a.** or **b.** above.

**8.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion **(A.8.)** does not apply to a "family member" using "your covered auto" which is owned by you.

**9.** For "bodily injury" or "property damage" for which that "insured":
   **a.** Is an insured under a nuclear energy liability policy; or
   **b.** Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:
   **(1)** Nuclear Energy Liability Insurance Association;
   **(2)** Mutual Atomic Energy Liability Underwriters; or
   **(3)** Nuclear Insurance Association of Canada.

**10.** For the ownership, maintenance or use of "your covered auto" while:
   **a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and
   **b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:
   **1.** Any vehicle which:
      **a.** Has fewer than four wheels; or
      **b.** Is designed mainly for use off public roads.
      This exclusion **(B.1.)** does not apply:
      **(1)** While such vehicle is being used by an "insured" in a medical emergency;
      **(2)** To any "trailer"; or
      **(3)** To any non-owned golf cart.
   **2.** Any vehicle, other than "your covered auto", which is:
      **a.** Owned by you; or
      **b.** Furnished or available for your regular use.
   **3.** Any vehicle, other than "your covered auto", which is:
      **a.** Owned by any "family member"; or
      **b.** Furnished or available for the regular use of any "family member".
      However, this exclusion **(B.3.)** does not apply to you while you are maintaining or "occupying" any vehicle which is:
      **(1)** Owned by a "family member"; or
      **(2)** Furnished or available for the regular use of a "family member".

5

**4.** Any vehicle, located inside a facility designed for racing, for the purpose of:
  **a.** Participating or competing in; or
  **b.** Practicing or preparing for;
  any prearranged or organized:
    **(1)** Racing or speed contest; or
    **(2)** Driver skill training or driver skill event.
**5.** Any vehicle which is designed or can be used for flight.

## LIMIT OF LIABILITY

**A.** The Limit Of Liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the Limit Of Liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The Limit Of Liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.

This is the most we will pay regardless of the number of:
**1.** "Insureds";
**2.** Claims made;
**3.** Vehicles or premiums shown in the Declarations; or
**4.** Vehicles involved in the auto accident.
**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
**1.** Part **B** or Part **C** of this Policy; or
**2.** Any Underinsured Motorists Coverage provided by this Policy.

## OUT OF STATE COVERAGE

If an auto accident to which this Policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:
**1.** A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
**2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

When this Policy is certified as future proof of financial responsibility, this Policy shall comply with the law to the extent required.

### OTHER INSURANCE

If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this Policy.

### PART B—MEDICAL PAYMENTS COVERAGE
### INSURING AGREEMENT

**A.** We will pay reasonable expenses incurred for necessary medical and funeral services because of "bodily injury":
    **1.** Caused by accident; and
    **2.** Sustained by an "insured".
We will pay only those expenses incurred for services rendered within three years from the date of the accident.
**B.** "Insured" as used in this Part means:
    **1.** You or any "family member":
        **a.** While "occupying"; or
        **b.** As a pedestrian when struck by;
    a motor vehicle designed for use mainly on public roads or a trailer of any type.
    **2.** Any other person while "occupying" "your covered auto".

### EXCLUSIONS

We do not provide Medical Payments Coverage for any "insured" for "bodily injury":
**1.** Sustained while "occupying" any motorized vehicle having fewer than four wheels.
**2.** Sustained while "occupying" "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time "your covered auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.
This exclusion **(2.)** does not apply:
    **a.** To a share-the-expense car pool; or
    **b.** While "your covered auto" is being used for volunteer or charitable purposes.
**3.** Sustained while "occupying" any vehicle located for use as a residence or premises.

7

**4.** Occurring during the course of employment if workers' compensation benefits are required or available for the "bodily injury".

**5.** Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   **a.** Owned by you; or
   **b.** Furnished or available for your regular use.

**6.** Sustained while "occupying", or when struck by, any vehicle (other than "your covered auto") which is:
   **a.** Owned by any "family member"; or
   **b.** Furnished or available for the regular use of any "family member".
   However, this exclusion **(6.)** does not apply to you.

**7.** Sustained while "occupying" a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion **(7.)** does not apply to a "family member" using "your covered auto" which is owned by you.

**8.** Sustained while "occupying" a vehicle when it is being used in the "business" of an "insured". This exclusion **(8.)** does not apply to "bodily injury" sustained while "occupying" a:
   **a.** Private passenger auto;
   **b.** Pickup or van; or
   **c.** "Trailer" used with a vehicle described in **a.** or **b.** above.

**9.** Caused by or as a consequence of:
   **a.** Discharge of a nuclear weapon (even if accidental);
   **b.** War (declared or undeclared);
   **c.** Civil war;
   **d.** Insurrection; or
   **e.** Rebellion or revolution.

**10.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:
   **a.** Nuclear reaction;
   **b.** Radiation; or
   **c.** Radioactive contamination.

**11.** Sustained while "occupying" any vehicle located inside a facility designed for racing, for the purpose of:
   **a.** Participating or competing in; or
   **b.** Practicing or preparing for;
   any prearranged or organized:
   **(1)** Racing or speed contest; or
   **(2)** Driver skill training or driver skill event

**12.** Sustained while "occupying", or when struck by, "your covered auto" while:
   **a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and
   **b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".

**13.** Sustained while "occupying", or when struck by, any vehicle which is designed or can be used for flight.

8

**A.** The Limit Of Liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
   **1.** "Insureds";
   **2.** Claims made;
   **3.** Vehicles or premiums shown in the Declarations; or
   **4.** Vehicles involved in the accident.
**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   **1.** Part **A** or Part **C** of this Policy; or
   **2.** Any Underinsured Motorists Coverage provided by this Policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

### **PART C—UNINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
   **1.** Sustained by an "insured"; and
   **2.** Caused by an accident.
   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle".

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "Insured" as used in this Part means:
   **1.** You or any "family member";
   **2.** Any other person "occupying" "your covered auto"; or
   **3.** Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

9

**C.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

**1.** To which no bodily injury liability bond or policy applies at the time of the accident.

**2.** To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.

**3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

    **a.** You or any "family member";

    **b.** A vehicle which you or any "family member" are "occupying"; or

    **c.** "Your covered auto".

**4.** To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

    **a.** Denies coverage; or

    **b.** Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment

    **(1)** Owned by or furnished or available for the regular use of you or any "family member".

    **(2)** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **(3)** Owned by any governmental unit or agency.

    **(4)** Operated on rails or crawler treads.

    **(5)** Designed mainly for use off public roads while not on public roads.

    **(6)** While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:

**1.** By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this Policy. This includes a trailer of any type used with that vehicle.

**2.** By any "family member" while "occupying", or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured":

**1.** If that "insured" or the legal representative settles the "bodily injury" claim and such settlement prejudices our right to recover payment.

**2.** While "occupying" "your covered auto" when it is being used as a public or livery conveyance. This includes but is not limited to any period of time "your covered auto" is being used by any "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

10

This exclusion **(B.2.)** does not apply:
   **a.** to a share-the-expense car pool; or
   **b.** While "your covered auto" is being used for volunteer or charitable purposes.
**3.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion **(B.3.)** does not apply to a "family member" using "your covered auto" which is owned by you.
**4.** While "occupying", or when struck by, "your covered auto" while:
   **a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and
   **b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".
**5.** While "occupying", or when struck by, any vehicle which is designed or can be used for flight.
**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
   **1.** Workers' compensation law; or
   **2.** Disability benefits law.
**D.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

## LIMIT OF LIABILITY

**A.** The Limit Of Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the Limit Of Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.
This is the most we will pay regardless of the number of:
   **1.** "Insureds";
   **2.** Claims made; or
   **3.** Vehicles or premiums shown in the Declarations; or
   **4.** Vehicles involved in the accident.
**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
   **1.** Part **A** or Part **B** of this Policy; or
   **2.** Any Underinsured Motorists Coverage provided by this Policy.
**C.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.
**D.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:
   **1.** Workers' compensation law; or
   **2.** Disability benefits law.

11

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the Policy:

**1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

**2.** Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for "your covered auto", shall be excess over any collectible insurance providing such coverage on a primary basis.

**3.** If the coverage under this Policy is provided:

    **a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

    **b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

**A.** If we and an "insured" do not agree:

    **1.** Whether that "insured" is legally entitled to recover damages; or

    **2.** As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

    **1.** Pay the expenses it incurs; and

    **2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

    **1.** Whether the "insured" is legally entitled to recover damages; and

    **2.** The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

12

**INSURING AGREEMENT**

**A.** We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one "your covered auto" or "non-owned auto" results from the same "collision", only the highest applicable deductible will apply. We will pay for loss to "your covered auto" caused by:

   **1.** Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

   **2.** "Collision" only if the Declarations indicate that Collision Coverage is provided for that auto.

   If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

**B.** "Collision" means the upset of "your covered auto" or a "non-owned auto" or its impact with another vehicle or object.

   Loss caused by the following is considered other than "collision":

   **1.** Missiles or falling objects;
   **2.** Fire;
   **3.** Theft or larceny;
   **4.** Explosion or earthquake;
   **5.** Windstorm;
   **6.** Hail, water or flood;
   **7.** Malicious mischief or vandalism;
   **8.** Riot or civil commotion;
   **9.** Contact with bird or animal; or
   **10.** Breakage of glass.

   If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".

**C.** "Non-owned auto" means:

   **1.** Any private passenger auto, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "family member" while in the custody of or being operated by you or any "family member"; or

   **2.** Any auto or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:

      **a.** Breakdown;
      **b.** Repair;
      **c.** Servicing;
      **d.** Loss; or
      **e.** Destruction.

13

**D.** "Custom equipment" means equipment, furnishings and parts in or upon any auto, other than:

    **1.** Original manufacturer equipment, furnishings or parts; or

    **2.** Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality.

"Custom equipment" includes but is not limited to:

    **a.** Special carpeting or insulation;

    **b.** Furniture or bars;

    **c.** Height-extending roofs;

    **d.** Body, engine, exhaust or suspension enhancers;

    **e.** Winches, or anti-roll or anti-sway bars;

    **f.** Custom grilles, louvers, side pipes, hood scoops or spoilers;

    **g.** Custom wheels, tires or spinners;

    **h.** Custom chrome, murals, paintwork, decals or other graphics; or

    **i.** Caps, covers or bedliners.

"Custom equipment" does not include electronic equipment that reproduces, receives or transmits audio, visual or data signals.

## TRANSPORTATION EXPENSES

**A.** In addition, we will pay, without application of a deductible, up to a maximum of $900 for:

    **1.** Temporary transportation expenses not exceeding $30 per day incurred by you in the event of a loss to "your covered auto". We will pay for such expenses if the loss is caused by:

        **a.** Other than "collision" only if the Declarations indicates that Other Than Collision Coverage is provided for that auto.

        **b.** "Collision" only if the Declarations indicates that Collision Coverage is provided for that auto.

    **2.** Expenses for which you become legally responsible in the event of loss to a "non-owned auto". We will pay for such expenses if the loss is caused by:

        **a.** Other than "collision" only if the Declarations indicate that Other Than Collision Coverage is provided for any "your covered auto".

        **b.** "Collision" only if the Declarations indicate that Collision Coverage is provided for any "your covered auto".

    However, the most we will pay for any expenses for loss of use is $30 per day.

**B.** Subject to the provisions of Paragraph **A.**, if the loss is caused by:

    **1.** A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:

        **a.** Beginning 48 hours after the theft; and

        **b.** Ending when "your covered auto" or the "non-owned auto" is returned to use or we pay for its loss.

    **2.** Other than theft of a "your covered auto" or a "non-owned auto", we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

14

Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

## EXCLUSIONS

We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used as a public or livery conveyance. This includes but is not limited to any period of time "your covered auto" or any "non-owned auto" is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle.

   This exclusion **(1.)** does not apply:

   a. To a share-the-expense car pool; or
   b. While "your covered auto" or any "non-owned auto" is being used for volunteer or charitable purposes.

2. Damage due and confined to:

   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.

   This exclusion **(2.)** does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".

3. Loss due to or as a consequence of:

   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.

4. Loss to any electronic equipment that reproduces, receives or transmits audio, visual or data signals. This includes but is not limited to:

   a. Radios and stereos;
   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.

   This exclusion **(4.)** does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".

15

**5.** Loss to tapes, records, disks or other media used with equipment described in Exclusion **4**.

**6.** A total loss to "your covered auto" or any "non-owned auto" due to destruction or confiscation by governmental or civil authorities.

This exclusion **(6.)** does not apply to the interests of Loss Payees in "your covered auto".

**7.** Loss to:
   **a.** A "trailer", camper body, or motor home, which is not shown in the Declarations; or
   **b.** Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
       **(1)** Cooking, dining, plumbing or refrigeration facilities;
       **(2)** Awnings or cabanas; or
       **(3)** Any other facilities or equipment used with a "trailer", camper body, or motor home.

This exclusion **(7.)** does not apply to a:
   **a.** "Trailer", and its facilities or equipment, which you do not own; or
   **b.** "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:
       **(1)** Acquire during the policy period; and
       **(2)** Ask us to insure within 14 days after you become the owner.

**8.** Loss to any "non-owned auto" when used by you or any "family member" without a reasonable belief that you or that "family member" are entitled to do so.

**9.** Loss to equipment designed or used for the detection or location of radar or laser.

**10.** Loss to any "custom equipment" in or upon "your covered auto" or any "non-owned auto".

This exclusion **(10.)** does not apply to the first $1,500 of "customer equipment" in or upon "your covered auto" or any "non-owned auto".

**11.** Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in the "business" of:
   **a.** Selling;
   **b.** Repairing;
   **c.** Servicing;
   **d.** Storing; or
   **e.** Parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**12.** Loss to "your covered auto" or any "non-owned auto", located inside a facility designed for racing, for the purpose of:
   **a.** Participating or competing in; or
   **b.** Practicing or preparing for;
   any prearranged or organized:
   **(1)** Racing or speed contest; or
   **(2)** Driver skill training or driver skill event.

**13.** Loss to, or loss of use of, a "non-owned auto" rented by:
   **a.** You; or
   **b.** Any "family member";

16

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "family member", pursuant to the provisions of any applicable rental agreement or state law.

14. Loss to "your covered auto" which occurs while:
    **a.** Enrolled in a personal vehicle sharing program under the terms of a written agreement; and
    **b.** Being used in connection with such personal vehicle sharing program by anyone other than you or any "family member".
15. Loss to, or of use of, a "non-owned auto" used by:
    **a.** You; or
    **b.** Any "family member";
    in connection with a personal vehicle sharing program if the provisions of such a personal vehicle sharing program preclude the recovery of such loss or loss of use, from you or that "family member", or if otherwise precluded by any state law.
16. Loss to any vehicle which is designed or can be used for flight.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:
   1. Actual cash value of the stolen or damaged property; or
   2. Amount necessary to repair or replace the property with other property of like kind and quality.

   However, the most we will pay for loss to:
   **a.** Any "non-owned auto" which is a trailer is $1,500.
   **b.** Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.
   **c.** "Custom equipment" in or upon "your covered auto" or any "non-owned auto" is $1,500.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

**C.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
1. You; or
2. The address shown in this Policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned auto" shall be excess over any other collectible source of recovery including, but not limited to:
1. Any coverage provided by the owner of the "non-owned auto".
2. Any other applicable physical damage insurance.
3. Any other source of recovery applicable to the loss.

## APPRAISAL

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
    1. Pay its chosen appraiser; and
    2. Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this Policy by agreeing to an appraisal.

## PART E—DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:
    1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
    2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
    3. Submit, as often as we reasonably require:
        a. To physical exams by physicians we select. We will pay for these exams.
        b. To examination under oath and subscribe the same.
        c. To recorded statements.

**4.** Authorize us to obtain:
   **a.** Medical reports; and
   **b.** Other pertinent records.
**5.** Submit a proof of loss when required by us.

**C.** A person seeking Uninsured Motorists Coverage must also:
   **1.** Promptly notify the police if a hit-and-run driver is involved.
   **2.** Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage For Damage To Your Auto must also:
   **1.** Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and its equipment from further loss. We will pay reasonable expenses incurred to do this.
   **2.** Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.
   **3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

### PART F—GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the "insured" shall not relieve us of any obligations under this Policy.

**CHANGES**

**A.** This Policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.
**B.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
   **1.** The number, type or use classification of insured vehicles;
   **2.** Operators using insured vehicles;
   **3.** The place of principal garaging of insured vehicles;
   **4.** Coverages, deductible or limits.
If a change resulting from **A.** or **B.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.
**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:
   **1.** A subsequent edition of your policy; or
   **2.** An Amendatory Endorsement.

19

**FRAUD**

We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this Policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this Policy. In addition, under Part **A**, no legal action may be brought against us until:
   **1.** We agree in writing that the "insured" has an obligation to pay; or
   **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this Policy to bring us into any action to determine the liability of an "insured".

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this Policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:
   **1.** Whatever is necessary to enable us to exercise our rights; and
   **2.** Nothing after loss to prejudice them.
   However, our rights in this paragraph **(A.)** do not apply under Part **D**, against any person using "your covered auto" with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this Policy and the person to or for whom payment is made recovers damages from another, that person shall:
   **1.** Hold in trust for us the proceeds of the recovery; and
   **2.** Reimburse us to the extent of our payment.

## POLICY PERIOD AND TERRITORY

**A.** This Policy applies only to accidents and losses which occur:
   **1.** During the policy period as shown in the Declarations; and
   **2.** Within the policy territory.
**B.** The policy territory is:
   **1.** The United States of America, its territories or possessions;
   **2.** Puerto Rico; or
   **3.** Canada.
This Policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

**TERMINATION**

### A. Cancellation

This Policy may be cancelled during the policy period as follows:

**1.** The named insured shown in the Declarations may cancel by:
   **a.** Returning this Policy to us; or
   **b.** Giving us advance written notice of the date cancellation is to take effect.

**2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this Policy:
   **a.** At least 10 days' notice:
      **(1)** If cancellation is for nonpayment of premium; or
      **(2)** If the notice is mailed during the first 60 days this Policy is in effect and this is not a renewal or continuation policy; or
   **b.** At least 20 days' notice in all other cases.

**3.** After this Policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:
   **a.** For nonpayment of premium;
   **b.** If your driver's license or that of:
      **(1)** Any driver who lives with you; or
      **(2)** Any driver who customarily uses "your covered auto";
      has been suspended or revoked. This must have occurred:
         **(a)** During the policy period; or
         **(b)** Since the last anniversary of the original effective date if the policy period is other than one year; or
   **c.** If the Policy was obtained through material misrepresentation.

### B. Nonrenewal

If we decide not to renew or continue this Policy, we will mail notice to the named insured shown in the Declarations at the address shown in this Policy. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than six months, we will have the right not to renew or continue this Policy every six months, beginning six months after its original effective date.

**2.** Six months or longer, but less than one year, we will have the right not to renew or continue this Policy at the end of the policy period.

**3.** One year or longer, we will have the right not to renew or continue this Policy at each anniversary of its original effective date.

### C. Automatic Termination

If we offer to renew or continue and you or your representative does not accept, this Policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on "your covered auto", any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.
2. If this Policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium, refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
3. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this Policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this Policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

Form PP0001 VA (09/18)

22

**Standard Endorsements—**The following endorsements are available to every poli-cy and will apply automatically when your policy requires it without being selected, re-quested, or purchased by you. These endorsements will not be listed separately on the attachment line of your Declarations.

| Title | Form | Page(s) |
|---|---|---|
| Amendment of Policy Provisions—Virginia | PP0199 (01/25) | 26 – 34 |
| Federal Employees Using Autos in Government Business | PP0301 (09/18) | 35 |
| Loss Payable Clause | PP0305 (09/18) | 35 |
| Virginia Employees Using Autos in Government Business | PP0327 (01/20) | 35 – 36 |
| District of Columbia Employees Using Autos in Government Business—Virginia | PP1348 (01/20) | 36 |
| Peer-to-Peer Vehicle Sharing Exclusion Endorsement—Virginia | PP4320 (11/20) | 36 – 38 |

**Mandatory Endorsements**—Uninsured Motorists Coverage is mandatory in Virginia and one of the options below will appear on the attachment line. PP1403 (07/23) is the default coverage and will appear on the attachment line unless you reject the standard coverage and elect the alternative coverage in writing.

| | | |
|---|---|---|
| Uninsured Motorists Coverage—Virginia | PP1403 (07/23) | 40 – 44 |
| Uninsured Motorists Coverage (Alternative Coverage)—Virginia | PP1434 (07/23) | 44 – 49 |

**Optional Endorsements—**The following endorsements are applicable to your policy only if listed on the attachment line of your Declarations:

| | | |
|---|---|---|
| Single Uninsured Motorists Limit—Virginia | PP0483 (01/20) | 51 |
| Medical Expense And Income Loss Benefits Coverage—Virginia | PP0596 (01/20) | 51 – 56 |

Transportation Expenses
Coverage—Virginia                            48   PP1352 (10/20)              56 – 57

Coverage for Damage to Your Auto
(Maximum Limit of Liability)—Virginia        PP1358 (12/20)                      58

Single Liability Limit—Virginia              PP1359 (01/20)                  58 – 59

24

49

**Standard Endorsements**

---

**The following endorsements are available to every policy and will apply automatically when your policy requires it without being selected, requested, or purchased by you. These endorsements will not be listed separately on the attachment line of your Declarations.**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### AMENDMENT OF POLICY PROVISIONS—VIRGINIA

**I.   Definitions**

The following is added to the **Definitions** section:

Throughout the Policy, "minimum limits" refers to the following limits of liability as required by Virginia law, to be provided under a policy of automobile liability insurance:

**1.**   $50,000 for each person, subject to $100,000 for each accident, with respect to "bodily injury"; and

**2.**   $25,000 for each accident with respect to "property damage".

Definition **K.** is replaced by the following:

**K.**   "Newly acquired auto":

   **1.**   "Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period or, if this is a renewal policy, during the 30 days prior to this Policy's effective date:

   **a.**   A private passenger auto; or

   **b.**   A pickup or van, for which no other insurance policy provides coverage, that is not used for business or commercial purposes other than farming or ranching.

   **2.**   A "newly acquired auto" will have the broadest coverage we now provide for any vehicle shown in the Declarations. Subject to the conditions stated in Paragraphs **3.** and **4.**, coverage begins on the date you become the owner. However, if the Declarations does not indicate that Coverage For Damage To Your Auto applies to at least one vehicle, Coverage For Damage To Your Auto will begin at the time you request the coverage.

   If you ask us to add or continue coverage after any specified time period as stated in Paragraph **3.** or **4.** has elapsed, any coverage we provide for a replacement or additional "newly acquired auto" will begin at the time you request the coverage.

   **3.**   If a "newly acquired auto" **replaces** any vehicle shown in the Declarations:

   **a.**   Any coverage provided in this Policy, **except** Coverage For Damage To Your Auto, is provided for the replacement vehicle until the end of the policy period without your having to ask us to insure it. However, if this is a renewal policy and you become the owner of a replacement vehicle during the 30 days prior to this Policy's effective date, you must ask us to insure it within 30 days after you become the owner.

   **b.**   You must ask us to add or continue Coverage For Damage To Your Auto on the replacement vehicle within 30 days after you become the owner.

   **4.**   If a "newly acquired auto" is **in addition** to any vehicle shown in the Declarations, you must ask us to insure the additional vehicle within 30 days after you become the owner.

26

**II.   Part A—Liability Coverage**

   **A.**  The **Insuring Agreement** is replaced by the following:

**Insuring Agreement**

We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this Policy, even if any of the allegations of the claim or suit are groundless, false or fraudulent. In addition to our limit of liability, we will pay all defense costs we incur. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this Policy.

"Insured" as used in this Part means:

   **1.**  You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

   **2.**  Any person using or responsible for the use of "your covered auto".

   **3.**  For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

   **4.**  For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Paragraph **4.** applies only if the person or organization does not own or hire the auto or "trailer".

   **B.**  The **Supplementary Payments** Provision is replaced by the following:

**Supplementary Payments**

We will pay on behalf of an insured:

   **1.**  Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this Policy.

   **2.**  Premiums on appeal bonds and bonds to release attachments in any suit we defend.

   **3.**  All costs taxed against an "insured" and all interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

   **4.**  Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

   **5.**  Other reasonable expenses incurred at our request.

   **6.**  General average and salvage charges for which any "insured" becomes legally responsible because of an auto being transported.

   **7.**  Prejudgment interest awarded against the "insured" on that part of the judgment we pay. If we make an offer to pay our limit of liability, we will not pay any prejudgment interest based on that period of time after the offer.

These payments will not reduce the limit of liability.

27

**C.** Exclusion **A.6.** is replaced by the following:
We do not provide Liability Coverage for any "insured":

**6.** While employed or otherwise engaged in the "business" of:

    **a.** Selling;

    **b.** Repairing;

    **c.** Servicing;

    **d.** Storing; or

    **e.** Parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion **A.6.** does not apply:

    **a.** To the extent that this coverage provides the minimum limits of liability required by the Financial Responsibility Law of Virginia; and

    **b.** To the ownership, maintenance or use of "your covered auto" by:

        **(1)** You;

        **(2)** Any "family member"; or

        **(3)** Any director, stockholder, partner, agent or employee of you or any "family member".

**D.** Exclusion **A.10.** does not apply.

**E.** Exclusion **B.5.** does not apply.

**F.** The **Limit Of Liability** Provision is replaced by the following:
**Limit Of Liability**
The Limit Of Liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the Limit Of Liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident. However, subject to this limit of liability for each accident, when one auto accident involves more than one "insured" against whom claim is made or brought, the Limit Of Liability shown in the Declarations for each person for Bodily Injury Liability applies separately to each "insured".
The Limit Of Liability shown in the Declaration for each accident for Property Damage Liability is our maximum limit of liability for all "property damage" resulting from any one auto accident.
This is the most we will pay regardless of the number of:

**1.** "Insureds";

**2.** Claims made; or

**3.** Vehicles or premiums shown in the Declarations.

**G.** Paragraph **B.** of the **Out Of State Coverage** Provision is replaced by the following:

    **B.** No one will be entitled to payment in excess of actual damages.

28

      Part **B** does not apply.

### IV.   Part D—Coverage For Damage To Your Auto

**A.**   Paragraph **A.** of the **Insuring Agreement** is replaced by the following:

    **A.**   We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including its equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to "your covered auto" caused by:

      **1.**   Other than "collision" only if the Declarations indicates that Other Than Collision Coverage is provided for that auto.

      **2.**   "Collision" only if the Declarations indicates that Collision Coverage is provided for that auto.

    If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

**B.**   The **Transportation Expenses** Provision does not apply.

**C.**   Exclusions **6.**, **14.**, **15.** and **16.** do not apply.

**D.**   Exclusion **7.** is replaced by the following:
We will not pay for:

    **7.**   Loss to:

      **a.**   A "trailer", camper body or motor home, which is not shown in the Declarations; or

      **b.**   Facilities or equipment used with such "trailer", camper body or motor home. Facilities or equipment include but are not limited to:

        **(1)**   Cooking, dining, plumbing or refrigeration facilities;

        **(2)**   Awnings or cabanas; or

        **(3)**   Any other facilities or equipment used with a "trailer", camper body or motor home.

    This Exclusion **7.** does not apply to a:

      **a.**   "Trailer", and its facilities or equipment, which you do not own; or

      **b.**   "Trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, which you:

        **(1)**   Acquire during the policy period; and

        **(2)**   Ask us to insure within 30 days after you become the owner.

**E.**   The following exclusion is added:
We will not pay for loss to "your covered auto" or any "non-owned auto" due to "diminution in value".
"Diminution in value" as used in this exclusion means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**F.** The **Limit Of Liability** Provision is replaced by the following:

**Limit Of Liability**

**A.** Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.

However, the most we will pay for loss to:

1. Any "non-owned auto" which is a trailer is $1,500.
2. Electronic equipment that reproduces, receives or transmits audio, visual or data signals, which is permanently installed in the auto in locations not used by the auto manufacturer for installation of such equipment, is $1,000.
3. "Custom equipment" in or upon "your covered auto" or any "non-owned auto" is $1,500.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

**G.** The **Payment Of Loss** Provision is replaced by the following:

**Payment Of Loss**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this Policy.

If we return stolen property, we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include:

1. The applicable state and local sales and use taxes for the damaged or stolen property at the time of loss; and
2. Any applicable titling and license transfer fees incurred in obtaining a replacement vehicle in the event of a total loss to a "your covered auto" or a "non-owned auto";

in addition to our limit of liability.

In the event of a total loss to a "your covered auto" or a "non-owned auto", we will satisfy any applicable salvage or disposal charges in addition to our payment.

**H.** The **Other Sources Of Recovery** Provision is replaced by the following:

**Other Insurance**

If other insurance also covers the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a "non-owned" auto shall be excess over any other collectible insurance including, but not limited to:

1. Any coverage provided by the owner of the "non-owned auto";
2. Any other applicable physical damage insurance.

30

Part **E** is replaced by the following:
We have no duty to provide Liability Coverage or Coverage For Damage To Your Auto under this Policy if the failure to comply with the following duties is prejudicial to us:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** An "insured", as defined under Part **A**, seeking Liability Coverage, or any person seeking coverage under Part **D**, must:
   **1.** Cooperate with us in the investigation, settlement, or defense of any claim or suit.
   **2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
   **3.** Submit, as often as we reasonably require:
      **a.** To examination under oath and subscribe the same.
      **b.** To recorded statements.
   **4.** Authorize us to obtain other pertinent records.
   **5.** Submit a proof of loss when required by us.

**C.** An "insured", as defined under Part **A**, seeking Liability Coverage must also:
   **1.** Submit, as often as we reasonably require, to physical exams by physicians we select. We will pay for those exams.
   **2.** Authorize us to obtain medical reports.

**D.** A person seeking Coverage For Damage To Your Auto must also:
   **1.** Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and its equipment from further loss. We will pay reasonable expenses incurred to do this.
   **2.** Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.
   **3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

## VI. Part F—General Provisions

**A.** The **Bankruptcy** Provision is replaced by the following:
**Bankruptcy**
Bankruptcy or insolvency of the "insured" or the "insured's" estate shall not relieve us of any obligations under this Policy.

31

**B.** The **Changes** Provision is replaced by the following:

**Changes**

1. This Policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.
2. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
   a. The number, type or use classification of insured vehicles;
   b. Operators using insured vehicles;
   c. The place of principal garaging of insured vehicles; or
   d. Coverages, deductibles or limits.

   If a change resulting from **1.** or **2.** requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.
3. If we make a change which broadens coverage without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state.

**C.** The **Legal Action Against Us** Provision is replaced by the following:

**Legal Action Against Us**

No legal action may be brought against us until there has been full compliance with all the terms of this Policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the "insured" has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial. If that judgment is returned unsatisfied, legal action may then be maintained against us for the amount of the obligation that does not exceed the limits of applicable coverage under this Policy.

No person or organization has any right under this Policy to bring us into any action to determine the liability of an "insured".

**D.** Paragraph **B.** of the **Our Right To Recover Payment** Provision does not apply.

**E.** The **Termination** Provision is replaced by the following:

**Termination**

**Cancellation**

This Policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations, or his duly constituted attorney-in-fact, may cancel by:
   a. Returning this Policy to us; or
   b. Giving us advance written notice of the date cancellation is to take effect.
2. We may cancel by mailing, in accordance with Virginia Law, to the named insured shown in the Declarations at the address shown in this Policy:
   a. At least 10 days' notice if the notice is mailed during the first 60 days this Policy is in effect and this is not a renewal or continuation policy;

32

**b.** At least 15 days' notice if:

**(1)** This Policy has been in effect more than 60 days; and

**(2)** Cancellation is for nonpayment of premium; or

**c.** At least 45 days' notice in all other cases.

**3.** After this Policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

**a.** For nonpayment of premium;

**b.** If you or your duly constituted attorney-in- fact has notified us of a change in your legal residence to a state other than Virginia, and "your covered auto" will be principally garaged in the new state of legal residence; or

**c.** If your driving privileges or those of:

**(1)** Any driver who lives with you; or

**(2)** Any driver who customarily uses "your covered auto";

have been suspended or revoked. This must have occurred:

**(1)** During the policy period; or

**(2)** If the Policy is a renewal, 90 days immediately preceding the last effective date.

**Nonrenewal**

If we decide not to renew or continue this Policy, we will mail notice, in accordance with Virginia Law, to the named insured shown in the Declarations at the address shown in this Policy. Notice will be mailed at least 45 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than six months, we will have the right not to renew or continue this Policy every six months, beginning six months after its original effective date.

**2.** Six months or longer, but less than one year, we will have the right not to renew or continue this Policy at the end of the policy period.

**3.** One year or longer, we will have the right not to renew or continue this Policy at each anniversary of its original effective date.

**Automatic Termination**

If we offer to renew or continue and you or your representative does not accept, this Policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**Other Termination Provisions**

**1.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this Policy is cancelled, you may be entitled to a refund. If so, we will send you the refund. If we cancel, we will refund you the pro rata unearned premium. If you cancel, we will refund you 90% of the pro rata unearned premium, computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**F.** The **Policy Period And Territory** Provision is replaced by the following:
**Policy Period And Territory**
This Policy applies only to accidents and losses which occur:
**1.** During the policy period, which:
  **a.** Begins from the date and time shown in the Declarations; and
  **b.** Ends as of 12:01 a.m. Eastern Standard Time on the last day of the policy period shown in the Declarations; and
**2.** Within the policy territory.
The policy territory is:
**1.** The United States of America, its territories or possessions;
**2.** Puerto Rico; or
**3.** Canada.
This Policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

**G.** The **Two Or More Policies** Provision is replaced by the following:
**Two Or More Auto Policies**
If this Policy and any other auto insurance policy issued to you by us apply to the same accident, no one will be entitled to receive payment in excess of actual damages.

**H.** The following provision is added:
**Two Or More Autos Insured Under This Policy**
**1.** When two or more "your covered autos" are involved in the same accident or loss, the terms of this Policy shall apply separately to each "your covered auto", including any applicable deductibles.
**2.** If an auto and an attached trailer are both insured under this Policy and involved in the same accident or loss, they shall be considered:
  **a.** One auto with respect to the limits of liability under Part **A.**
  **b.** Separate autos under Part **D.**

**VII. Miscellaneous Endorsements—Medical Expense And Income Loss Benefits Coverage**

Any reference to **Part B—Medical Payments Coverage** or no-fault coverage in any attached endorsement is replaced with **Medical Expense And Income Loss Benefits Coverage**.

Form PP0199 (01/25)

### FEDERAL EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS

The following are not "insureds" under Part **A**:
1.  The United States of America or any of its agencies.
2.  Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the "bodily injury" or "property damage".

Form PP0301 (09/18)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### LOSS PAYABLE CLAUSE

**Loss Payee:** Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

The provisions of the Policy apply unless modified by this endorsement.

Loss or damage under this Policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations or in this endorsement. This insurance, with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of "your covered auto". However, we reserve the right to cancel the Policy as permitted by policy terms, and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee, we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

Form PP0305 (09/18)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### VIRGINIA EMPLOYEES USING AUTOS IN GOVERNMENT BUSINESS

**PART A—LIABILITY COVERAGE**

The following are not "insureds" under Part **A**:
1.  The Commonwealth of Virginia or any of its agencies.
2.  Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the Commonwealth of Virginia.

35

This applies only if an "insured" is:

1. Acting within the scope of that "insured's" office or employment with the Commonwealth of Virginia; and
2. Relieved from liability, under the Virginia Tort Claims Act, for the transportation of patients in "your covered auto" in accordance with VA. Code Ann. Section 38.2-2204 (D).

Form PP0327 (01/20)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### DISTRICT OF COLUMBIA EMPLOYEES USING AUTOS
### IN GOVERNMENT BUSINESS—VIRGINIA

The following are not "insureds" under Part **A**:

1. The District of Columbia or any of its agencies.
2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the District of Columbia.

This applies only if that person is:

a. Acting within the scope of that person's office or employment; and
b. Relieved from liability because of the provisions of D.C. CODE ANN. Sections 2-411 to 2-416 (Non-Liability of District Employees), as amended.

Form PP1348 (01/20)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### PEER-TO-PEER VEHICLE SHARING EXCLUSION
### ENDORSEMENT—VIRGINIA

With respect to coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

**DEFINITIONS**

The following definitions are added:

A. "Peer-to-peer vehicle sharing platform" means an online-enabled application, web site or system that connects vehicle owners with drivers to enable the sharing of peer-to-peer "shared vehicles" for financial considerations.
B. "Vehicle sharing platform agreement" means the terms and conditions applicable to a shared vehicle owner and a shared vehicle driver that govern the use of a shared vehicle through a "peer-to-peer vehicle sharing platform".
C. "Shared vehicle" means a motor vehicle that has been made available for sharing through a "peer-to-peer vehicle sharing platform". "Shared vehicle" does not include a daily rental vehicle as defined in Va. Code Ann. § 58.1-1735.

36

**D.** "Vehicle sharing period" means the period of time that commences with the "vehicle sharing delivery period" or, if there is no "vehicle sharing delivery period", that commences when the "vehicle sharing start time" occurs and ends at the "vehicle sharing termination time".

**E.** "Vehicle sharing delivery period" means the period of time beginning when the agent of a "peer-to-peer vehicle sharing platform" takes custody of the "shared vehicle" and ending when the "shared vehicle" arrives at the location agreed upon in the governing "vehicle sharing platform agreement".

**F.** "Vehicle sharing start time" means the time when the "shared vehicle" becomes subject to the control of the "shared vehicle" driver at or after the sharing of a "shared vehicle" is scheduled to begin as documented in the records of a "peer-to-peer vehicle sharing platform".

**G.** "Vehicle sharing termination time" means the earliest of:

    **1.** When the "shared vehicle" is delivered to the location agreed upon in the "vehicle sharing platform agreement" on or after the expiration of the agreed-upon period of time established for the use of a "shared vehicle" according to the terms of the "vehicle sharing platform agreement";

    **2.** When the "shared vehicle" is returned to a location as alternatively agreed upon by the "shared vehicle" owner and "shared vehicle" driver within the agreed-upon period of time as communicated through a "peer-to-peer vehicle sharing platform"; or

    **3.** When the "shared vehicle" owner, or the "shared vehicle" owner's authorized designee, takes possession and control of the "shared vehicle".

## PART A—LIABILITY COVERAGE

Part **A** is amended as follows:

The following exclusion is added:

We do not provide Liability Coverage for the ownership, maintenance or use of:

    "Your covered auto" while:

    **a.** Enrolled in a "peer-to-peer vehicle sharing platform" under a "vehicle sharing platform agreement"; and

    **b.** Being used in connection with such "peer-to-peer vehicle sharing platform" during the "vehicle sharing period" by anyone other than you or any "family member".

## PART D—COVERAGE FOR DAMAGE TO YOUR AUTO

Part **D** is amended as follows:

The following exclusions are added:

We will not pay for:

    Loss to "your covered auto" which occurs while:

    **a.** Enrolled in a "peer-to-peer vehicle sharing platform" under a "vehicle sharing platform agreement"; and

    **b.** Being used in connection with such "peer-to-peer vehicle sharing platform" during the "vehicle sharing period" by anyone other than you or any "family member".

Loss to, or loss of use of, a "non-owned auto" used by:

    **a.** You; or

    **b.** Any "family member";

in connection with a "peer-to-peer vehicle sharing platform" if the provisions of such "peer-to-peer vehicle sharing platform" preclude the recovery of such loss or loss of use, from you or that "family member", or if otherwise precluded by any state law.

## UNINSURED MOTORISTS COVERAGE ENDORSEMENT

If the Uninsured Motorists Coverage endorsement is attached to the Policy, the following exclusion is added:

We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any "insured" while "occupying", or when struck by, "your covered auto" while:

    **a.** Enrolled in a "peer-to-peer vehicle sharing platform" under a "vehicle sharing platform agreement"; and

    **b.** Being used in connection with such "peer-to-peer vehicle sharing platform" during the "vehicle sharing period" by anyone other than you or any "family member".

## MEDICAL EXPENSE AND INCOME LOSS BENEFITS COVERAGE ENDORSEMENT

If the Medical Expense And Income Loss Benefits Coverage endorsement is attached to the Policy, the following exclusion is added:

We do not provide Medical Expense And Income Loss Benefits Coverage to any "insured" for "bodily injury" sustained while "occupying" "your covered auto" while:

    **a.** Enrolled in a "peer-to-peer vehicle sharing platform" under a "vehicle sharing platform agreement"; and

    **b.** Being used in connection with such "peer-to-peer vehicle sharing platform" during the "vehicle sharing period" by anyone other than you or any "family member".

Form PP4320 (11/20)

**Mandatory Endorsements**

**Uninsured Motorists Coverage is mandatory in Virginia and one of the endorsements below will appear on the attachment line. PP1403 (07/23) is the default coverage and will appear on the attachment line unless you reject the standard coverage and elect the alternative coverage in writing.**

39

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## UNINSURED MOTORISTS COVERAGE—VIRGINIA

Any coverage that may be available subject to the provisions of this endorsement for damages caused by an accident with an "underinsured motor vehicle" shall be paid in addition to any bodily injury liability or property damage liability coverage "available for payment".

With respect to the coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

### PART C—UNINSURED MOTORISTS COVERAGE

Part **C** is replaced by the following:

### Insuring Agreement

**A.** We will pay, in accordance with Va. Code Ann. Section 38.2-2206, damages which an "insured" or an "insured's" legal representative is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or an "underinsured motor vehicle" because of:

**1.** "Bodily injury" sustained by an "insured" and caused by an accident; and

**2.** "Property damage" caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle".

We will pay damages under this coverage caused by an accident with an "underinsured motor vehicle" only after the limits of liability under any applicable bodily injury liability or property damage liability bonds or policies have been exhausted by payment of judgments or settlements.

**B.** "Property damage" as used in this endorsement means injury to or destruction of:

**1.** "Your covered auto";

**2.** Tangible property contained in "your covered auto"; or

**3.** Any other tangible property, except a motor vehicle, owned by an "insured" and located in Virginia.

**C.** "Insured" as used in this endorsement means:

**1.** You or any "family member";

**2.** Any other person "occupying" or using "your covered auto"; or

**3.** Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

40

**D.** "Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of:
  **1.** The limits of liability under all liability bonds or policies; or
  **2.** All deposits of money or securities made to comply with the Virginia Financial Responsibility Law;

that is "available for payment" is less than the total amount of damages sustained by the "insured".

However, "underinsured motor vehicle" does not include any vehicle or equipment to which a bodily injury or property damage liability bond or policy applies at the time of the accident but the bonding or insuring company:
  **1.** Denies coverage; or
  **2.** Is or becomes insolvent.

**E.** "Available for payment" as used in this endorsement means the liability coverage applicable to the claim of the "insured" as reduced by the payment of any other claims arising out of the same occurrence.

**F.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
  **1.** To which no liability bond, policy, deposit of money or security applies at the time of the accident in at least the minimum limits required by Va. Code Ann. Section 46.2-472.
  **2.** Which is a hit-and-run vehicle whose operator or owner is unknown and which hits or which causes an accident resulting in "bodily injury" or "property damage" without hitting:
    **a.** You or any "family member";
    **b.** A vehicle which you or any "family member" are "occupying" or using;
    **c.** "Your covered auto"; or
    **d.** Any of your property.
  **3.** To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
    **a.** Denies coverage; or
    **b.** Is or becomes insolvent.
  **4.** For which the owner or operator is immune from liability for negligence under the laws of Virginia or the United States.

However, "uninsured motor vehicle" does not include any vehicle or equipment owned or operated by a qualified self-insurer under any applicable motor vehicle law, except a qualified self-insurer which is or becomes insolvent.

**G.** In addition, neither "uninsured motor vehicle" nor "underinsured motor vehicle" includes:
  **1.** A farm type tractor or other equipment designed for use principally off public roads while not on public roads; or
  **2.** Any vehicle:
    **a.** Operated on rails or crawler treads; or
    **b.** While located for use as a residence or premises.

41

**Exclusions**

**A.** We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained by any "insured":

  **1.** If that "insured" or the legal representative settles the "bodily injury" or "property damage" claim with any person or organization who may be legally liable and such settlement prejudices our right to recover payment.

  **2.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion **(A.2.)** does not apply to a "family member" using "your covered auto" which is owned by you.

  **3.** For the first $200 of the total amount of "property damage" if the "property damage" results from an accident with an "uninsured motor vehicle" as defined in Section **2.** of the definition of "uninsured motor vehicle".

**B.** This coverage shall not apply directly or indirectly to benefit:

  **1.** Any self-insurer under any workers' compensation or similar law.

  **2.** Any insurer of property.

**Limit Of Liability**

**A.** The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

The limit of Property Damage Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all "property damage" resulting from any one accident.

This is the most we will pay regardless of the number of:

  **1.** "Insureds";

  **2.** Claims made; or

  **3.** Vehicles or premiums shown in the Declarations.

**B.** Any damages payable under this coverage with respect to:

  **1.** An employee of a self-insured employer shall be reduced by all sums paid or payable because of the "bodily injury" under workers' compensation or similar law.

  **2.** "Property damage" shall be excess over any other collectible insurance provided under:

   **a.** Part **D** of this Policy; or

   **b.** Any other policy providing coverage for the "property damage".

42

**Other insurance**

If there is other similar insurance available under one or more policies or provisions of coverage and the damages are caused by an accident with an "uninsured motor vehicle" or "underinsured motor vehicle", the following order of priority of payment applies:

| | |
|---|---|
| **First Priority** | The Policy applicable to the vehicle the "insured" was "occupying" at the time of the accident. |
| **Second Priority** | The Policy applicable to a vehicle not involved in the accident under which the "insured" is a named insured. |
| **Third Priority** | The Policy applicable to a vehicle not involved in the accident under which the "insured" is other than a named insured. |

If there is more than one policy providing coverage on the same level of priority, we will only pay our share of the loss that must be paid under that priority. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on the same level of priority.

**Arbitration**

**A.**  If we and an "insured" do not agree:

   **1.**  Whether that "insured" is legally entitled to recover damages; or

   **2.**  As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle" or an "underinsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Neither party is required to arbitrate. However, if both parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.**  We will pay all arbitration expenses if we request the arbitration.

**C.**  If an "insured" requests the arbitration, each party will:

   **1.**  Pay the expenses it incurs; and

   **2.**  Bear the expenses of the third arbitrator equally.

**D.**  Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to evidence and arbitration procedures will apply. Any decision of the arbitrators will not be binding.

**PART E—DUTIES AFTER AN ACCIDENT OR LOSS**

Part **E** is replaced by the following:

**A.**  We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking Uninsured Motorists Coverage, who does not seek or obtain a judgment against the owner or operator of an "uninsured motor vehicle", must:

    **1.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

    **2.** Submit, as often as we reasonably require:
        **a.** To physical exams by physicians we select. We will pay for those exams.
        **b.** To recorded statements.

    **3.** Authorize us to obtain:
        **a.** Medical reports; and
        **b.** Other pertinent records.

    **4.** Submit a proof of loss when required by us.

    **5.** If a suit is brought, promptly serve a copy of the process on us in the manner prescribed by law.

    **6.** Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.

    **7.** Permit us to inspect and appraise the damaged property before its repair or disposal.

**C.** With respect to an accident caused by an "uninsured motor vehicle" but there was no physical contact with such vehicle, we have no duty to provide Uninsured Motorists Coverage under this Policy unless a person seeking coverage notifies us or the police promptly of the accident, or as soon as reasonably practicable.

Form PP1403 (07/23)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

### UNINSURED MOTORISTS COVERAGE
### (ALTERNATIVE COVERAGE)—VIRGINIA

**Any coverage that may be available subject to the provisions of this endorsement for damages caused by an accident with an "underinsured motor vehicle" may be reduced by any bodily injury liability or property damage liability coverage "available for payment".**

With respect to the coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

**PART C—UNINSURED MOTORISTS COVERAGE**

Part **C** is replaced by the following:

**Insuring Agreement**

**A.** We will pay, in accordance with Va. Code Ann. Section 38.2-2206, damages which an "insured" or an "insured's" legal representative is legally entitled to re-

44

cover from the owner or operator of an "uninsured motor vehicle" or an "underin-sured motor vehicle" because of:

    **1.** "Bodily injury" sustained by an "insured" and caused by an accident; and

    **2.** "Property damage" caused by an accident.

The owner's or operator's liability for these damages must arise out of the owner-ship, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle."

We will pay damages under this coverage caused by an accident with an "under-insured motor vehicle" only after the limits of liability under any applicable bodily injury liability or property damage liability bonds or policies have been exhausted by payment of judgments or settlements.

**B.** "Property damage" as used in this endorsement means injury to or destruction of:

    **1.** "Your covered auto";

    **2.** Tangible property contained in "your covered auto"; or

    **3.** Any other tangible property, except a motor vehicle, owned by an "insured" and located in Virginia.

**C.** "Insured" as used in this endorsement means:

    **1.** You or any "family member";

    **2.** Any other person "occupying" or using "your covered auto"; or

    **3.** Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in **1.** or **2.** above.

**D.** "Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of:

    **1.** The limits of liability under all liability bonds or policies; or

    **2.** All deposits of money or securities made to comply with the Virginia Financial Responsibility Law;

that is "available for payment" is less than the total amount of damages sustained by the "insured."

However, "underinsured motor vehicle" does not include any vehicle or equip-ment to which a bodily injury or property damage liability bond or policy applies at the time of the accident but the bonding or insuring company:

    **1.** Denies coverage; or

    **2.** Is or becomes insolvent.

**E.** "Available for payment" as used in this endorsement means the liability coverage applicable to the claim of the "insured" as reduced by the payment of any other claims arising out of the same occurrence.

**F.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

    **1.** To which no liability bond, policy, deposit of money or security applies at the time of the accident in at least the minimum limits required by Va. Code Ann. Section 46.2-472.

45

**2.** Which is a hit-and-run vehicle whose operator or owner is unknown and which hits or which causes an accident resulting in "bodily injury" or "property damage" without hitting:

    **a.** You or any "family member";

    **b.** A vehicle which you or any "family member" are "occupying" or using;

    **c.** "Your covered auto"; or

    **d.** Any of your property.

**3.** To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

    **a.** Denies coverage; or

    **b.** Is or becomes insolvent.

**4.** For which the owner or operator is immune from liability for negligence under the laws of Virginia or the United States.

However, "uninsured motor vehicle" does not include any vehicle or equipment owned or operated by a qualified self-insurer under any applicable motor vehicle law, except a qualified self-insurer which is or becomes insolvent.

**G.** In addition, neither "uninsured motor vehicle" nor "underinsured motor vehicle" includes:

    **1.** A farm type tractor or other equipment designed for use principally off public roads while not on public roads; or

    **2.** Any vehicle:

        **a.** Operated on rails or crawler treads; or

        **b.** While located for use as a residence or premises.

**Exclusions**

**A.** We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained by any "insured":

    **1.** If that "insured" or the legal representative settles the "bodily injury" or "property damage" claim with any person or organization who may be legally liable and such settlement prejudices our right to recover payment.

    **2.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion **(A.2.)** does not apply to a "family member" using "your covered auto" which is owned by you.

    **3.** For the first $200 of the total amount of "property damage" if the "property damage" results from an accident with an "uninsured motor vehicle" as defined in Section **2.** of the definition of "uninsured motor vehicle."

**B.** This coverage shall not apply directly or indirectly to benefit:

    **1.** Any self-insurer under any workers' compensation or similar law.

    **2.** Any insurer of property.

**Limit Of Liability**

**A.** The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages,

46

including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.

The limit of Property Damage Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all "property damage" resulting from any one accident.

This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made; or
3. Vehicles or premiums shown in the Declarations.

**B.** When an "insured" is "occupying" "your covered auto" at the time of the accident with an "underinsured motor vehicle", the limit of liability shall be reduced by all sums "available for payment" because of "bodily injury" or "property damage" by or on behalf of persons or organizations who may be legally responsible. This includes all sums "available for payment" under Part **A** of this Policy.

**C.** Any damages payable under this coverage with respect to:
1. An employee of a self-insured employer shall be reduced by all sums paid or payable because of the "bodily injury" under workers' compensation or similar law.
2. "Property damage" shall be excess over any other collectible insurance provided under:
   **a.** Part **D** of this Policy; or
   **b.** Any other policy providing coverage for the "property damage".

**Other Insurance**

If there is other similar insurance available under one or more policies or provisions of coverage and the damages are caused by an accident with an "uninsured motor vehicle" or "underinsured motor vehicle", the following order of priority of payment applies:

| | |
|---|---|
| **First Priority** | The Policy applicable to the vehicle the "insured" was "occupying" at the time of the accident. |
| **Second Priority** | The Policy applicable to a vehicle not involved in the accident under which the "insured" is a named insured. |
| **Third Priority** | The Policy applicable to a vehicle not involved in the accident under which the "insured" is other than a named insured. |

If there is more than one policy providing coverage on the same level of priority, we will only pay our share of the loss that must be paid under that priority. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on the same level of priority.

If an injured person is entitled to similar insurance under one or more policies for damages caused by an accident with an "underinsured motor vehicle," wherein a named insured has elected to reduce the limits of liability for Uninsured Motorist Coverage shown in the Declarations by the amount of bodily injury liability insurance or property damage liability insurance coverage "available for payment," any amount "available for payment" shall be credited against such policies in payment priority pursuant to the **First Priority** only, and where there is more than one such policy entitled to such credit, the credit shall be apportioned pro-rata pursuant to the policies' respective available coverages for damages caused by an accident with an "underinsured motor vehicle."

**Arbitration**

**A.** If we and an "insured" do not agree:
   **1.** Whether that "insured" is legally entitled to recover damages; or
   **2.** As to the amount of damages which are recoverable by that "insured";
   from the owner or operator of an "uninsured motor vehicle" or an "underinsured motor vehicle," then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.
   Neither party is required to arbitrate. However, if both parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** We will pay all arbitration expenses if we request the arbitration.

**C.** If an "insured" requests the arbitration, each party will:
   **1.** Pay the expenses it incurs; and
   **2.** Bear the expenses of the third arbitrator equally.

**D.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to evidence and arbitration procedures will apply. Any decision of the arbitrators will not be binding.

**PART E—DUTIES AFTER AN ACCIDENT OR LOSS**

Part **E** is replaced by the following:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking Uninsured Motorists Coverage, who does not seek or obtain a judgment against the owner or operator of an "uninsured motor vehicle," must:
   **1.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
   **2.** Submit, as often as we reasonably require:
      **a.** To physical exams by physicians we select. We will pay for those exams.

48

      **b.** To recorded statements.

73

   **3.** Authorize us to obtain:
   - **a.** Medical reports; and
   - **b.** Other pertinent records.
   **4.** Submit a proof of loss when required by us.
   **5.** If a suit is brought, promptly serve a copy of the process on us in the manner prescribed by law.
   **6.** Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.
   **7.** Permit us to inspect and appraise the damaged property before its repair or disposal.

**C.** With respect to an accident caused by an "uninsured motor vehicle" but there was no physical contact with such vehicle, we have no duty to provide Uninsured Motorists Coverage under this Policy unless a person seeking coverage notifies us or the police promptly of the accident, or as soon as reasonably practicable.

Form PP1434 (07/23)

49

**Optional Endorsements**

---

**All forms listed in the "Optional Endorsements" section may not pertain to your policy. Please refer to your Declarations for applicable endorsements.**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

75

## SINGLE UNINSURED MOTORISTS LIMIT—VIRGINIA

Paragraph **A.** of the **Limit Of Liability** Provision for **Uninsured Motorists Coverage** is replaced by the following:

**A.** The Limit Of Liability shown in the Schedule or in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
  **1.** "Insureds";
  **2.** Claims made; or
  **3.** Vehicles or premiums shown in the Declarations.

We will apply the limit of liability to provide any separate minimum limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

Form PP0483 (01/20)

---

## MEDICAL EXPENSE AND INCOME LOSS
## BENEFITS COVERAGE—VIRGINIA

With respect to coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

### SCHEDULE

Coverage is provided where a premium is shown for the coverage.

**I. Definitions**
The **Definitions** section is amended as follows:
  **A.** The definition of "your covered auto" is replaced by the following:
  "Your covered auto" means a "motor vehicle":
    **1.** That is owned by the "named insured";
    **2.** That is insured for bodily injury or property damage liability under this Policy; and
    **3.** For which a specific premium is charged for the coverage provided by this endorsement.
  **B.** The following definitions are added:
    **1.** "Insured" as used in this endorsement means:
      **a.** You or any "family member" who sustains "bodily injury":
        **(1)** While "occupying"; or
        **(2)** While not "occupying" but when struck by a "motor vehicle".
      **b.** Any other person who sustains "bodily injury" while "occupying":
        **(1)** "Your covered auto";

51

    **(2)** A "motor vehicle" not owned by you or any "family member" if the "bodily injury" results from the operation of that "motor vehicle" by you or any "family member"; or

    **(3)** Any auto or "trailer" you do not own while used as a temporary substitute for a "your covered auto" which is out of normal use because of its:

       **(a)** Breakdown;

       **(b)** Repair;

       **(c)** Servicing;

       **(d)** Loss; or

       **(e)** Destruction.

**2.** "Motor vehicle" means a self-propelled land motor vehicle or "trailer" other than:

    **a.** A farm type tractor or other self-propelled equipment designed for use principally off public roads while not on public roads; or

    **b.** Any vehicle:

       **(1)** Operated on rails or crawler treads; or

       **(2)** While located for use as a residence or premises.

## II. Medical Expense And Income Loss Benefits Coverage Insuring Agreement

### A. Medical Expense Benefits

If the Schedule or Declaration indicates that Medical Expense Benefits apply, we will pay, in accordance with Va. Code Ann. Section 38.2-2201 or Section 46.2-465, medical expense benefits to an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a "motor vehicle" as a "motor vehicle". We will pay only those medical expense benefits incurred for services rendered within three years from the date of the accident.

Subject to the limits shown in the Schedule or in the Declarations, medical expense benefits consist of the following:

**1.** Medical Expenses—All reasonable and necessary expenses for medical, hospital, chiropractic, x-ray, professional nursing, dental, surgical, prosthetic and rehabilitation services, and services provided by an emergency medical services vehicle as defined in Va. Code Ann. Section 32.1-111.1.

**2.** Funeral Expenses.

### B. Income Loss Benefits

If the Schedule or Declarations indicates that Income Loss Benefits apply, we will pay, in accordance with Va. Code Ann. Section 38.2-2201 or section 46.2-465, income loss benefits to an "insured" who sustains "bodily injury". The "bodily injury" must be caused by an accident arising out of the ownership, maintenance or use of a "motor vehicle" as a "motor vehicle".

Subject to the limits shown in the Schedule or in the Declarations, income loss benefits consist of loss of income incurred by an "insured" who is usually engaged in a remunerative occupation.

Loss of income:

1.  Is computed from the first work day lost as a result of the accident; and
2.  Does not include any loss of income incurred after the earliest of the following:
    a.  The date the "insured" is able to return to his or her usual occupation;
    b.  One year from the date of the accident; or
    c.  The date the "insured" dies.

**EXCLUSIONS**

A.  We do not provide Medical Expense And Income Loss Benefits Coverage to any "insured" who intentionally causes "bodily injury" to himself or herself.
B.  We do not provide Medical Expense And Income Loss Benefits Coverage to any "insured" for "bodily injury":
    1.  Occurring during the course of employment if benefits are required or available under any workers' compensation or similar law.
    2.  Sustained while "occupying" "your covered auto" when it is being used as a public or livery conveyance.
        This Exclusion **B.2.** does not apply:
        a.  To a vehicle designated in the Policy as a public or livery conveyance;
        b.  To a share-the-expense car pool; or
        c.  While "your covered auto" is being used for volunteer or charitable purposes.
    3.  Sustained while "occupying" a "motor vehicle" without a reasonable belief that that "insured" is entitled to do so. This Exclusion **B.3.** does not apply to a "family member" using "your covered auto" which is owned by you.
    4.  Sustained while "occupying" any "motor vehicle" (other than "your covered auto") which is:
        a.  Owned by you; or
        b.  Furnished or available for your regular use.
    5.  Sustained while "occupying" any "motor vehicle" (other than "your covered auto") which is:
        a.  Owned by any "family member"; or
        b.  Furnished or available for the regular use of an "family member".
        However, this Exclusion **B.5** does not apply to you.
    6.  Caused by or as a consequence of:
        a.  Discharge of a nuclear weapon (even if accidental);
        b.  War (declared or undeclared);
        c.  Civil war;
        d.  Insurrection; or
        e.  Rebellion or revolution.

53

### A. Medical Expense Benefits

1. If four or less "motor vehicles" are insured for Medical Expense Benefits under this Policy, our maximum limit of liability for Medical Expense Benefits arising out of "bodily injury" sustained by any one person in any one accident is the sum of the limits of liability shown in the Schedule or in the Declarations for each person applicable to each "your covered auto" insured for Medical Expense Benefits under this Policy.

   If more than four "motor vehicles" are insured for Medical Expense Benefits under this Policy, our maximum limit of liability for Medical Expense Benefits arising out of "bodily injury" sustained by any one person in any one accident is the sum of the four highest limits of liability shown in the Schedule or in the Declarations for each person applicable to each of those four "your covered autos" insured for Medical Expense Benefits under the Policy.

   This is the most we will pay regardless of the number of:
   **a.** "Insureds";
   **b.** Claims made; or
   **c.** Vehicles or premiums shown in the Schedule or in the Declarations.
2. No one will be entitled to receive payment in excess of actual medical and funeral expenses incurred from this or any other policy or combination of policies providing motor vehicle medical expense benefits applicable to the accident.

### B. Income Loss Benefits

1. Our maximum limit of liability for Income Loss Benefits arising out of "bodily injury" sustained by any one person in any one accident is the lesser of:
   **a.** The sum of the limits of liability shown in the Schedule or in the Declarations for each person applicable to each "your covered auto" insured for Income Loss Benefits under this Policy; or
   **b.** $400 per person per week.
   This is the most we will pay regardless of the number of:
   **a.** "Insureds";
   **b.** Claims made; or
   **c.** Vehicles or premiums shown in the Schedule or in the Declarations.
2. No one will be entitled to receive payment in excess of actual loss of income incurred from this or any other policy or combination of policies providing motor vehicle income loss benefits applicable to the accident.

### OTHER INSURANCE

If there is other valid and collectible Medical Expense And Income Loss Benefits Coverage applicable under one or more policies, the following priorities of recovery will apply:

### First Priority

The Medical Expense And Income Loss Benefits Coverage of the owner of the "motor vehicle" the "insured" was "occupying" at the time of the accident.

54

**Second Priority**

The Medical Expense And Income Loss Benefits Coverage of the operator of the "motor vehicle" the "insured" was "occupying" at the time of the accident.

**Third Priority**

The Medical Expense And Income Loss Benefits Coverage of the "insured".

III. **Part E—Duties After an Accident Or Loss**

Part **E** is replaced by the following:

We have no duty to provide Medical Expense And Income Loss Benefits Coverage under this Policy if the failure to comply with the following duties is prejudicial to us:

**A.** In the event of an accident, prompt written notice must be given to us or our authorized agent. Such notice shall include:

   **1.** Sufficient details to identify the "insured"; and
   **2.** Reasonably obtainable information regarding how, when and where the accident happened.

   However, failure or refusal of an "insured" to supply us with proper notice shall not relieve us of our obligation to pay unless such failure or refusal prejudices us in establishing the validity of any claim under this coverage.

**B.** A person seeking Medical Expense And Income Loss Benefits Coverage must also:

   **1.** Promptly give us written proof of claim, under oath if required. Such proof shall include:

      **a.** Full particulars of the nature and extent of the "bodily injury" and treatment and rehabilitation received and contemplated; and
      **b.** Any other information which may assist us in determining the amount due and payable.

   **2.** Promptly send us copies of any notices or legal papers served or received in connection with the accident or loss.

   **3.** Submit, as often as we reasonably require:

      **a.** To physical exams by physicians we select. We will pay for those exams.
      **b.** To recorded statements.

   **4.** Authorize us to obtain:

      **a.** Medical reports; and
      **b.** Other pertinent records.

      Such records may be used by us in determining whether Income Loss Benefits are payable under this Policy.

IV. **Part F—General Provisions**

**A.** The **Our Right To Recover Payment** Provision is replaced by the following:
   **Our Right To Recover Payment**
   If we make a payment for Income Loss Benefits under this coverage and the person to or for whom payment was made has a right to recover damages

55

from another, we shall be subrogated to that right, to the extent of our payment. That person shall:

   **1.** Execute and deliver the instruments and papers and do whatever else is necessary to secure such rights; and
   **2.** Do nothing after loss to prejudice those rights.
**B.** The **Legal Action Against Us** Provision is replaced by the following:
   **Legal Action Against Us**
   No legal action may be brought against us under Medical Expense And Income Loss Benefits Coverage until there has been full compliance with all of the terms of this Policy.
**C.** The **Policy Period And Territory** Provision is replaced by the following:
   **Policy Period And Territory**
   Medical Expense And Income Loss Benefits Coverage applies only to accidents and losses which occur:
   **1.** During the policy period, which:
      **a.** Begins from the date and time shown in the Declarations; and
      **b.** Ends as of 12:01 a.m. Eastern Standard Time on the last day of the policy period shown in the Declarations; and
   **2.** Within the policy territory.
   The policy territory is:
   **1.** The United States of America, its territories or possessions; or
   **2.** Canada.
   This Policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

Form PP0596 (01/20)

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## TRANSPORTATION EXPENSES COVERAGE—VIRGINIA

**NOTE:** This endorsement provides Transportation Expenses Coverage under Part **D** of this Policy.

**1.** Option **1** provides coverage for:
   **a.** Temporary transportation expenses incurred as a result of loss to a "your covered auto"; and
   **b.** Expenses incurred as a result of loss to a "non-owned auto";
   up to the Limit Of Liability stated in the Schedule or in the Declarations, but in no event less than $600.

**2.** Option **2** provides coverage for:
   **a.** Temporary transportation expenses incurred as a result of loss to a "your covered auto", up to the Limit Of Liability stated in the Schedule or in the Declarations, but in no event less than $600; and
   **b.** Expenses incurred as a result of loss to a "non-owned auto", for 30 days.

56

**SCHEDULE**
81

Coverage is provided where a premium and limit of liability are shown for **the coverage**:

With respect to the coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

**I.   Option 1**

If a specific premium charge is shown in the Schedule or in the Declarations for a "your covered auto" which indicates that Option **1** of Transportation Expenses Coverage is afforded, the **Transportation Expenses** Provision is added to Part **D** as follows:

**Transportation Expenses**

If there is a loss to a "your covered auto" described in the Schedule or in the Declarations, or to a "non-owned auto", in addition we will pay, without application of a deductible, up to the maximum Limit Of Liability shown as applicable in the Schedule or in the Declarations for:

**A.**  Temporary transportation expenses, including expenses for rental reimbursement, incurred by you in the event of a loss to "your covered auto". We will pay for such expenses if the loss is caused by:
   **1.**  Other than "collision" only if the Declarations indicates that Other Than Collision Coverage is provided for that auto.
   **2.**  "Collision" only if the Declarations indicates that Collision Coverage is provided for that auto.

**B.**  Expenses for which you become legally responsible in the event of loss to a "non-owned auto". We will pay for such expenses if the loss is caused by:
   **1.**  Other than  "collision" only if the Declarations indicates that Other Than Collision Coverage is provided for any "your covered auto".
   **2.**  "Collision" only if Declarations indicates that Collision Coverage is provided for any "your covered auto".
   If the loss is caused by:
   **1.**  A total theft of "your covered auto" or a "non-owned auto", we will pay only expenses incurred during the period:
      **a.**  Beginning 48 hours after the theft; and
      **b.**  Ending when "your covered auto" or the "non-owned auto" is returned to use or we pay for its loss.
   **2.**  Other than a total theft of a "your covered auto" or a "non-owned auto", we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.
   Our payment will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

Form PP1352 (10/20)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## COVERAGE FOR DAMAGE TO YOUR AUTO
## (MAXIMUM LIMIT OF LIABILITY)—VIRGINIA

**NOTICE**
**Coverage is not provided on an agreed value basis. The amount shown in the Schedule or in the Declarations is not necessarily the amount you will receive at the time of loss or damage for the described property. PLEASE refer to the Limit Of Liability Provision below.**

With respect to the coverage provided by this endorsement, the provisions of the Policy apply unless modified by the endorsement.

With respect to the coverage(s) shown as applicable to a vehicle described in the Schedule or in the Declarations, the **Limit Of Liability** Provision in Part **D** is replaced by the following:

**LIMIT OF LIABILITY**

**A.** Our limit of liability for loss will be the least of the:
1. Amount shown in the Schedule or in the Declarations;
2. Actual cash value of the stolen or damaged property; or
3. Amount necessary to repair or replace the property with other property of like kind and quality.
B. Our payment for loss will be reduced by any applicable deductible shown in the Schedule or in the Declarations.
C. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

Form PP1358 (12/20)

---

## SINGLE LIABILITY LIMIT—VIRGINIA

The **Limit Of Liability** Provision in Part **A** is replaced by the following:

**LIMIT OF LIABILITY**

**A.** The Limit Of Liability shown in the Schedule or in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
   **1.** "Insureds";
   **2.** Claims made; or
   **3.** Vehicles or premiums shown in the Declarations.

58

**B.**    We will apply the limit of liability to provide any separate minimum limits required by law for bodily injury and property damage liability. However, this provision **(B.)** will not change our total limit of liability.

Form PP1359 (01/20)



VA0001 0624